FILED
SUPERIOR COURT
OF GUAM

2022 MAR 10 PM 4: 20

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| In re<br><br>**CHARLES PANGELINAN,**<br><br>Petitioner. | **Special Proceedings Case No. SP0114-21**<br><br>**DECISION AND ORDER DENYING PETITIONER'S VERIFIED PETITION FOR EXPUNGEMENT** |

This matter came before the Honorable Dana A. Gutierrez on November 10, 2021 for hearing on Petitioner Charles Pangelinan's ("Pangelinan") Verified Petition for Expungement. Pangelinan is represented by Lujan & Wolff, LLP. No one appeared for the hearing. The Court took the matter under advisement on the briefs and now issues this Decision and Order ("D&O") **DENYING** Pangelinan's Verified Petition for Expungement ("Petition").

## BACKGROUND

In Criminal Case No. CM0129-19, Pangelinan was charged through a Complaint with One Count of Attempted Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) and One Count of Harassment (As a Petty Misdemeanor). Petition, Exhibit A. On December 4, 2019, the People filed an Amended Complaint charging Pangelinan with Assault (As a Misdemeanor). Petition, Exhibit C.

The People and Pangelinan entered into a Stipulation of Facts and Deferred Plea Agreement ("Deferred Plea") on January 9, 2020. Petition, Exhibit B. On January 28, 2020, the

Court accepted Pangelinan's Deferred Plea. Petition, Exhibit D. The Deferred Plea states that upon the Court's acceptance of the plea, the People will move to dismiss the First Charge of Attempted Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) and the Second Charge of Harassment (As a Petty Misdmeanor), as contained in the Complaint. Petition, Exhibit B, at ¶ 5(h). The Deferred Plea also states that the Court will dismiss the above-entitled case one (1) year from the date of the Court's acceptance of the plea, upon receipt from Pangelinan assurances that Pangelinan has complied with the terms of the agreement. *Id.* at ¶ 5(I). The Deferred Plea does not mention expungement. *See id.*

The Order After Hearing Re: Deferred Plea ("OAH") was filed on September 18, 2020. *Id.* The OAH states that the charges of Attempted Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) and Harassment (As a Petty Misdmeanor) as contained in the Complaint are dismissed. Petition, Exhibit D, at 1 n. 2. The OAH further states that if Pangelinan complies with all terms of his Deferred Plea, the Court shall dismiss the above-captioned matter one (1) year from the taking of Pangelinan's Deferred Plea. *Id.*, at 3. The OAH does not mention expungement. *Id.*

On October 30, 2020, the Probation Services Division filed an Informational Report/Order for Closure stating that the Defendant had completed all the terms and conditions of his probation. Petition, Exhibit E. On November 4, 2020, the Honorable Arthur R. Barcinas signed the Order for Closure stating that the proceedings in the case are closed. *Id.* The Order for Closure does not mention dismissal or expungement of the charge contained in the Amended Complaint. *Id.*[1]

---

[1] Although Pangelinan mentions that the charge in the Amended Complaint is required to be dismissed, the Deferred Plea and OAH do indicate that dismissal was required, this Court is without jurisdiction over

2

The instant Petition was filed on July 8, 2021 and requests that "all records of the Guam Police Department, the Office of the Attorney General and the Superior Court pertaining to CM0129-19 be expunged." Petition, at 6. The People filed an Opposition to Expungement of Arrest Records on October 7, 2021. The Court set a hearing on the Petition for November 10, 2021. Neither party appeared for the hearing and the Court took the matter under advisement.

## DISCUSSION

Pangelinan argues that pursuant to 7 GCA § 7107(h), this Court has the authority "to amend and control its process and orders so as to make them conformable to law and justice," and the Court may exercise this authority to expunge Pangelinan's criminal records. Petition, at ¶ 5-6. Pangelinan further argues that 8 GCA § 11.10 is applicable because pursuant to the Deferred Plea, the People agreed to the dismissal of the Amended Complaint "which is the equivalent to the prosecuting attorney deciding not to prosecute the case against the Petitioner." *Id.* at ¶ 7. Lastly, Pangelinan argues that the offense in the present case falls within the category of family violence as defined in 9 GCA § 30.10, and therefore, Pangelinan qualifies for expungement under 9 GCA § 30.80.

The People oppose expungement on the basis that the plea agreement did not include an expungement provision. Opp., at 2. The People assert that Pangelinan does not qualify under 8 GCA § 11.10 because Pangelinan was not acquitted of the offense, and the People did decide to prosecute the offense by negotiating and entering into the Deferred Plea. Opp., at 2-3.

---

the dismissal of the charges in CM0129-19. Thus, only the issue of expungement is addressed in this Decision and Order.

I.      **Pangelinan Does Not Qualify for Expungement Based on 7 GCA § 7107(h).**

The Court has inherent authority to "amend and control its process and orders so as to make them conformable to law and justice." 7 GCA § 7107(h). The Guam Supreme Court discussed the trial court's inherent authority to expunge, as an issue of first impression in *People v. Wai Kam Ho*, 2009 Guam 18. In *Wai Kam Ho*, the Court did not definitively resolve the issue of the trial court's inherent authority to expunge records, nor did it adopt a standard that should be applied if the trial court were to exercise such authority. *Wai Kam Ho*, 2009 Guam 18 ¶ 28. The Guam Supreme Court did identify two "general schools of thought" — 1) jurisdictions recognizing that courts have no inherent authority to expunge a criminal record unless a statute so provides; and 2) jurisdictions recognizing that, absent statutory authority, courts have *limited authority* to expunge under certain circumstances. *Id.* at ¶ 12-13.

The second school of thought is further divided into two subsets. The first is that expungement is appropriate upon a showing that either a constitutional right has been violated or when there is an extreme need or exceptional circumstances warranting expungement. *Id.* at ¶ 13. The second, and most lenient approach followed by a minority of states, is that courts can expunge a criminal record upon a showing of less than a constitutional error or an extreme necessity. *Id.* at ¶ 14. These jurisdictions employ their own balancing tests to determine whether expungement is appropriate. *Id.* (citing *State v. Chambers*, 533 P.2d 876, 878-79 (Utah 1975); *State v. Schultz*, 676 N.W.2d 337, 340-41 (Minn. Ct. App. 2004)).[2]

---

[2] Pangelinan does not assert that his expungement must be granted based on the applicability of this lenient approach, nor does Pangelinan cite to another jurisdiction's balancing test that should be applied to the Petition. *See* Petition. Because this is not the basis for Pangelinan's Petition, the Court will not address the applicability of this lenient approach to the present case.

4

### A.    Pangelinan Is Not Eligible for Expungement Based on Guam's Applicable Expungement Statute.

Chapter 11 of Title 8 of the Guam Code Annotated ("GCA") governs the expungement of

criminal records. The statute provides in relevant part:

> The official records of the court, the Attorney General, and the police reports in
> connection therewith dealing with a violation or attempted violation by an adult of
> territorial law or a regulation having the force and effect of law shall be expunged
> when the subject of the report is acquitted of the offense charged, when the
> prosecuting attorney decides not to prosecute the offense, when the time for
> commencing the criminal action as prescribed by Chapter 10 of this Title has
> passed, or on approval of the Pardon Review Board when a pardon is granted
> pursuant to § 1422 of the Organic Act of Guam, except for the pardon of a felony
> offense involving violence. Expungement shall not occur for an offense which
> requires a person to register as a sex offender, as defined in § 89.03 of Title 9,
> Guam Code Annotated, until the defender's name is removed from the registry.

8 GCA § 11.10(a). Thus, expungement is permitted when there has been an acquittal, a decision

not to prosecute, where the statute of limitations has passed, or when a pardon has issued. *Id.*

Pangelinan argues that by agreeing to the Deferred Plea, the People effectively decided

not to prosecute the case. Petition, at ¶ 7. The Guam Supreme Court has not addressed the issue

of what it means for the prosecuting attorney to "decide not to prosecute" an offense within the

meaning of 8 GCA § 11.10(a).[3]

However, other Guam trial courts have declined to interpret the agreement of a Deferred

Plea as an indication that the prosecuting attorney has decided not to prosecute the offense. *In

the Matter of Jared John Borja*, SP0010-14, Decision and Order ("D&O"), at 2 (March 31, 2014)

---

[3] The statute does not provide a definition for this phrase or provide guidance on its meaning.
Additionally, upon review of Thomson Reuters State Survey regarding Expungement of Criminal
Records, it appears that no other jurisdiction's expungement statute uses a phrase similar to "the
prosecuting attorney decides not to prosecute the offense." Expungement of Criminal Records, *50 State
Statutory Surveys: Criminal Law: Criminal Procedure*, Westlaw (database updated October 2021).
Therefore, other jurisdictions do not provide guidance as to what that phrase means within the context of
expungement.

(where the petitioner entered into a deferred plea and the charges were eventually dismissed upon completion of probation, but the trial court held that "by entering into a plea agreement with the Government, Defendant cannot now argue that the prosecutor decided not to prosecute the offense."); *see In the Matter of Joey Michael Aguon*, SP0217-16, D&O, at 2-3 (Aug. 21, 2017) (where the People agreed to dismiss the remaining charge pursuant to the plea agreement and stated that the People "will not be prosecuting [the Defendant [for the remaining charge]," however, the trial court found that "it is incorrect to characterize these actions as the government deciding not to prosecute the offense.").

Pangelinan has not cited any case law, rule, or other applicable authority identifying what it means for the prosecuting attorney to "decide not to prosecute the offense." *See* Petition; 8 GCA § 11.10(a). In the absence of any authority indicating a contrary approach, this Court agrees with the interpretation adopted by previous Guam trial courts. Accordingly, the Court finds that the People did prosecute the case against Pangelinan, although the People's prosecution of the case did not lead to a conviction but rather a dismissal of the charges in the initial Complaint, and then a later dismissal of the charge contained in the Amended Complaint pursuant to the Deferred Plea.[4] *See In the Matter of Joey Michael Aguon*, SP0217-16, D&O, at 2-3 (Aug. 21, 2017). By entering into a plea agreement with the People, Pangelinan cannot now argue that the prosecutor decided not to prosecute the offenses. *See In the Matter of Jared John Borja*, SP0010-14, Decision and Order ("D&O"), at 2 (March 31, 2014).

Thus, the Petitioner is ineligible under Guam's general expungement statute. Therefore,

---

[4] *See Wai Kam Ho*, 2009 Guam 18 ¶ 32, n. 8 ("Expungement orders may issue in a criminal case when no final judgment of criminal conviction has been entered. This includes cases where there is a deferred plea agreement in which the possibility of expungement is specifically negotiated and provided for in the plea agreement[.]").

6

Petitioner is also ineligible for expungement under the first school of thought discussed in *Wai Kam Ho*—that courts may have inherent authority to expunge a criminal record if a statute so provides. *Wai Kam Ho*, 2009 Guam 18 ¶ 12.

### B. Pangelinan Is Not Eligible for Expungement Based on a Constitutional Violation or Extreme Necessity.

Under the first subset of the second category identified in *Wai Kam Ho*, Pangelinan is ineligible based on constitutional grounds because he does not assert such a violation. Instead, Pangelinan alleges that he believes his criminal records have impaired his job mobility and job promotion prospects. Petition, at ¶ 4.

However, difficulties in securing employment are insufficient grounds for expungement under the extreme necessity or exceptional circumstances category discussed in *Wai Kam Ho*. *See Wai Kam Ho*, 2009 Guam 18 ¶ 21 (noting that under both "the Ninth Circuit and Seventh Circuit view most collateral civil consequences as insufficient to warrant expungement."). As a result, Pangelinan is ineligible for expungement based on a constitutional violation or the extreme necessity approach to exercising the Court's inherent authority to expunge.

Because Pangelinan is not eligible for expungement pursuant to 8 GCA § 11.10(a), nor does he qualify based on any limited authority to expunge where a constitutional right has been violated, or an extreme need or exceptional circumstance warrants expungement, this Court may not exercise any inherent authority it may have to expunge pursuant to 7 GCA § 7107(h).

### II. Pangelinan Does Not Qualify for Expungement Under Guam's Family Violence Statutes.

Lastly, Pangelinan asserts that the offense in this case falls within the category of family violence as defined in 9 GCA § 30.10 because the victim in CM0129-19 and Pangelinan are

7

family members. Petition, at ¶ 9. Therefore, Pangelinan reasons that he qualifies for expungement pursuant to 9 GCA § 30.80.

Title 9 GCA § 30.80 provides in relevant part:

> Upon a proper motion, when a defendant voluntarily pleads guilty, prior to the commencement of trial, to a misdemeanor charge of family violence, as defined in this Chapter, he or she is found eligible for a deferred guilty plea pursuant to § 30.80.1 of this Chapter, and the defendant agrees to participate in education, counseling and/or treatment program(s) as directed by the court, the court may defer criminal proceedings until such a time as may be required for the defendant to complete the education, counseling and/or treatment program(s). Upon the defendant's completion of the period designated by the court and in compliance with the terms and conditions established, the court may discharge the defendant and dismiss the charge against the defendant. Such discharge of the defendant and dismissal of the case shall be without adjudication of guilt and shall eliminate any civil admission of guilt and is not a conviction.

Pangelinan's reliance on this statute is misplaced because here, none of the charges filed against Pangelinan were identified as Family Violence charges. Petition, Exhibit A, C. In the Complaint and Amended Complaint, the charges against Defendant were: 1) Attempted Fourth Degree Criminal Sexual Conduct (As a Misdemeanor); 2) Harassment (As a Petty Misdemeanor); and 3) Assault (As a Misdemeanor). *Id.* Nowhere in the Complaint nor in the Amended Complaint do the People cite to Guam's family violence statutes, codified at 9 GCA §§ 30.10, *et seq. Id.*

Upon a review of the Petition and its accompanying Exhibits, including the Complaint, the Amended Complaint, Deferred Plea, and the OAH, nowhere do these documents mention or establish that the People pursued a "family violence" charge against Pangelinan, nor that Pangelinan pled to a "family violence" charge within the meaning of 9 GCA §§ 30.10, *et seq.* Nothing in the aforementioned documents indicate that Pangelinan qualifies to avail himself of the remedies provided by 9 GCA § 30.80.

8

Because none of the charges filed against Pangelinan in CM0129-19 were identified as

"family violence" as defined by 9 GCA § 30.10, this Court finds that Petitioner is not qualified

for expungement pursuant to 9 GCA § 30.80.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Petitioner's Verified Petition for

Expungement.

SO ORDERED: _____MAR 1 0 2022_____

_____

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**